| | |
|---|---|
| KASEY HOFFMAN, | No. 2:16-cv-0756 DB P |
| Plaintiff, | |
| v. | ORDER |
| TOM BOSENKO, et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants interfered with his access to courts through the blocking of civil lawsuits. (ECF No. 1.) Before the court are plaintiff's application to proceed in forma pauperis (ECF Nos. 2) and the screening of plaintiff's complaint. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 6.) For the reasons set forth below, the court grants plaintiff's motion to proceed in forma pauperis and dismisses plaintiff's complaint with leave to amend.

**I.      Motion to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff is currently without funds. Accordingly, the court will not assess

1

an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.   Screening**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

   **A.   Legal Standard**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

### B. Discussion

Plaintiff's complaint states that on April 7, 2016, defendants Prowler and Ochoa, correctional officers at Shasta County Jail, interfered with his access to courts by blocking civil lawsuits. (ECF No. 1 at 3.) For the reasons outlined below, the court dismisses the complaint for failure to state a cognizable claim.

#### 1. No Allegations Against Defendant Bosenko

The first named defendant in this action is Tom Bosenko, who is listed as the Sherriff at Shasta County Jail. (Id. at 2.) However, in the statement of claim, petitioner does not allege any facts concerning defendant Bosenko and his role in this action. Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Accordingly, the court dismisses this action without prejudice as to defendant Bosenko.

#### 2. Interference with Access to Courts

It appears plaintiff is attempting to bring a claim against defendants Prowler and Ochoa for interference with access to courts. However, beyond the conclusory statement that these defendants "did conspire to oppress with malice this inmate's right to access the courts," plaintiff alleges no facts about the actions that defendants purportedly took to interfere with his access to the courts. (ECF No. 1 at 3.)

The right of access to the courts "forbids states from 'erect[ing] barriers that impede the right of access of incarcerated persons'" to file civil actions that have a "'reasonable basis in law or fact.'" Silva v. DeVittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) (quoting Snyder v. Nolen, 380

F.3d 279, 290 (7th Cir. 2004) and <u>John L. v. Adams</u>, 969 F.2d 228, 235 (6th Cir. 1992)). A prisoner asserting any denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well an "'actual injury,' – that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" <u>Lewis v. Casey</u>, 518 U.S. 343, 348 (1996). <u>See also</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002); <u>Nevada Dept. of Corrs. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011).

If plaintiff chooses to proceed with this claim in a second amended complaint, he must provide therein factual allegations that, if proven, would demonstrate that he suffered an actual injury under the standard set forth above.

### 3. **Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, under Federal Rule of Civil Procedure 8(a)(2), a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. <u>Jones</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), his complaint must be dismissed.

In the interests of justice, the court will grant plaintiff leave to file a second amended complaint. If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Any second amended complaint plaintiff may elect to file must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

////

Plaintiff is also reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior complaints no longer serve any function in the case. Therefore, in any amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III. Conclusion

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed without prejudice.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must answer each question in the form complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

5. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a section 1983 action.

Dated: September 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10