UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KASEY HOFFMAN,

    Plaintiff,

    v.

TOM BOSENKO, et al.,

    Defendants.

No. 2:16-cv-0756 DB P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. The court previously dismissed plaintiff's original complaint with leave to amend for failure to state a claim. (ECF No. 8.) Presently before the court is plaintiff's first amended complaint ("FAC") for screening.[1] For the reasons set forth below, the court will dismiss the first amended complaint with leave to amend.

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

---

[1] Plaintiff filed two amended complaints. However, a review of the documents shows they are identical with ECF No. 19 appearing to be a photocopy of ECF No. 18. Accordingly, the court will screen the amended complaint filed March 26, 2018 and all references to the amended complaint shall be to the document identified as ECF No. 18.

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Does Plaintiff State a § 1983 Claim?**

   **A. Allegations in the Complaint**

The events giving rise to plaintiff's claim occurred while he was incarcerated in the Shasta County Jail. (ECF No. 18 at 2.) Plaintiff names as defendants: (1) Sheriff T. Bosenko; (2) correctional officer Prowler; and (3) correctional officer Ochoa.

Plaintiff claims he filled out a request for copies he needed for a civil case in this district. Plaintiff claims that defendants Prowler and Ochoa refused to make the requested copies. Plaintiff further claims the officers' refusal to make copies was due to Bosenko's failure to properly train or supervise the officers. Plaintiff claims the defendants' actions caused him to suffer an anxiety attack and as a result, plaintiff punched a wall and door, breaking his hand.

   **B. Access to the Courts**

      **1. Legal Standards**

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2001) overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). It is not a

right to discover such claims or to litigate them effectively once filed with a court. Id. at 354-55. A plaintiff must show he suffered an "actual injury," i.e. prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Id. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

The right to litigation assistance "is limited to the tools prisoners need 'in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement.'" Silva, 658 F.3d at 1102 (quoting Lewis, 518 U.S. at 355).

### 2. Analysis

As plaintiff was informed in the court's September 27, 2017 screening order, plaintiff must show that he suffered an actual injury as a result of the defendants' actions. A prisoner asserting a denial of access to the courts claim must allege the anticipated or lost underlying cause of action as well as an "'actual injury,' – that is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Lewis v. Casey, 518 U.S. 343, 348 (1996); see also Christopher v. Harbury, 536 U.S. 403, 415 (2002); Nevada Dept. of Corrs. V. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Plaintiff has not stated facts showing he suffered an actual injury, such as missing a deadline, because of defendants' refusal to make the requested copies. Plaintiff alleges that he suffered emotional distress, but emotional distress is not an actual injury in the context of an access to courts claim. Brown v. County of Fresno, No. 1:14-cv-0998 SMS, 2015 WL 5604337 at *3 (E.D. Cal. Sept. 23, 2015).

Additionally, "[i]n a § 1983 action plaintiff must show . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." Harper .v City of Los Angeles, 533 F.3d 1010, 1026 9th Cir. 2008). Plaintiff cannot show that defendants refusal to make the requested copies were the cause of his broken hand. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996) (proximate and intervening cause analysis applies in § 1983 actions and, accordingly, an unforeseen and abnormal intervention breaks the chain of causality between a defendant's misconduct and plaintiff's injury). Accordingly, his allegations are not sufficient to state a claim for violation of his right to access the courts.

4

**C. Retaliation**

**1. Legal Standards**

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n.11.

**2. Analysis**

Plaintiff has stated that he engaged in protected conduct, here filing a lawsuit, and that officers refused to make his requested copies because they were related to the lawsuit. Plaintiff alleges the officers refused to make the copies because his lawsuit was against a sheriff's deputy employed by a separate county.

Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. See McCollum v. CDCR, 647 F.3d 870, 882-83 (9th Cir. 2011); accord, Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. McCollum, 647 F.3d at 882. For example, plaintiff could show the adverse action was because of his protected conduct by stating facts showing defendants told plaintiff they would not make copies because he was suing a sheriff.

Plaintiff has not stated a claim for retaliation because he has not alleged facts sufficient to show that plaintiff's pursuit of a lawsuit against a sheriff employed by a different county was the
////

substantial or motivating factor behind defendants' actions. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

> **D. Failure to Properly Train**
>
> **1. Legal Standards**

A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton, Ohio v. Harris, 489 U.S. 378, 387-90 (1989) (A failure to train or supervise may satisfy this criteria if, "in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of the constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.") However, "[t]he cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed." Wardell v. Nollette, No. C05-0741RSL, 2006 WL 1075220, at *3 (W.D. Wash. Apr. 20, 2006) (collecting cases); see also Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (to impose liability for supervisor's failure to train, "a plaintiff must usually demonstrate a pattern of violations and that the inadequacy of the training is obviously likely to result in a constitutional violation.")

"A 'pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train,' though there exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.'" Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (quoting Connick v. Thompson, 563 U.S. 51, 62 (2011)). In this "narrow range of circumstances," a single incident may suffice to establish deliberate indifference where the violation of constitutional rights is a "highly predictable consequence" of a failure to train because that failure to train is "so patently obvious." Connick, 563 U.S. at 64. Further, the identified training deficiency must be casually connected to the ultimate injury. City of Canton, 489 U.S. at 391.

////

### 2. Analysis

Plaintiff has failed to plead any "factual content" from which the court could reasonably infer that Bosenko's purported failure to train evidenced a "deliberate indifference" to plaintiff's constitutional rights. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also City of Canton, 489 U.S. at 389, 391. Therefore, the allegations of the complaint are insufficient to state a claim upon which relief may be granted against defendants based on any alleged failure to train. See Iqbal, 556 U.S. at 678-79 (legal conclusions must be supported by factual allegations); see also Marsh v. County of San Diego, 680 F.3d 1148, 1159 (9th Cir. 2012) (allegations of an isolated instance of a constitutional violation are insufficient to support a "failure to train" theory).

Additionally, supervisory personnel may not be held liable under § 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 9115-16 (9th Cir. 2012) (en banc). "Vicarious liability may not be imposed on a supervisor for the acts of lower officials in a § 1983 action." Lemire v. Cal. Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citation omitted); see also Iqbal, 556 U.S. at 676. "A prison official in a supervisory position may be held liable under § 1983, however, if he or she was personally involved in the constitutional deprivation or [if] a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." Lemire, 726 F.3d at 1074-75 (citation omitted). For a sufficient causal connection to exist, the plaintiff usually must show that the supervisor had knowledge of the unlawful conduct. See id. at 1085 (citation omitted) ("The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or should have known would cause others to inflict a constitutional injury."). Plaintiff has not stated any facts showing Bosenko knew about the alleged deprivations or that he was personally involved in them. Accordingly, plaintiff's allegations against Bosenko fail to state a claim.

////

////

**III.     Amending the Complaint**

As stated above, the complaint must be dismissed because it fails to state a claim. The court will provide plaintiff with one final opportunity to cure the deficiencies. If plaintiff chooses to file an amended complaint, he must allege facts demonstrating that the defendants' conduct violated the Eighth Amendment standards set forth in this order. Failure to cure the deficiencies identified will result in a recommendation that this action be dismissed without leave to amend. See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (upholding dismissal of complaint with prejudice when there were also "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss") (internal quotation marks omitted).

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.

////

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 12) is dismissed with leave to amend for failure to state a claim.

2. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 26, 2018

DLB:12
DLB1/Orders/Prisoner-Civil Rights/hoff0756.scrn2

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE